# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASON PROSKE**<br>99 Centennial Dr.<br>Warminster, PA 18974 | NO. _____ |
| *Plaintiff*, | CIVIL ACTION |
| vs. | JURY TRIAL DEMANDED |
| **SPIN INC.**<br>10501 Drummond Rd,.<br>Philadelphia, PA 19154 | |
| *Defendant.* | |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files the following Complaint against Defendant:

## INTRODUCTION

1. Plaintiff initiates this action to seek redress against Defendant for unlawful disability discrimination in violation of the Americans with Disabilities Act ("ADA") and other applicable federal and state law.

## PARTIES

2. Plaintiff is Jason Proske ("Plaintiff"), an adult individual currently residing at the above address.

3. Defendant, Spin Inc. ("Defendant."), SPIN is a 501(c)3 nonprofit organization whose main office is at the above address.

4. Defendant was founded in 1970 and services to persons with autism and intellectual/developmental disability.

5. SPIN, D/B/A SPIN Inc, which stands for Special People in the Northeast, Inc.

6. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

7. Defendant is an "employer" within the meaning of the ADA because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

8. Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

**JURISDICTION and VENUE**

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

11. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

12. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

13. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an employment discrimination action.

16. Plaintiff filed timely written charges of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging discrimination at No. 530-2022-02520 on or about January 1, 2022.

17. The instant action is timely because it is initiated at least ninety ("90") days after the receipt of a Right to Sue Letter from the EEOC which was mailed on or about March 7, 2022

18. Plaintiff has exhausted federal and state administrative remedies as to the allegations of the instant Complaint at the time of filing.

3

4885-5127-7085, v. 5

## FACTUAL BACKGROUND

19. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20. Plaintiff is a male and former employee of Defendant.

21. Plaintiff was employed by Defendant at its place of business in Philadelphia, Pennsylvania.

22. Plaintiff was the supervisor in IT.

23. Plaintiff had worked for Defendant for 17 years.

24. Plaintiff had received numerous positive reviews from his direct supervisor.

25. Plaintiff had five promotions in the past seven years.

26. In May of 2021, SPIN suddenly announced that Rich Greenfield (Former CIO, COO, hereinafter referred to as 'Mr. Greenfield') was retiring.

27. Mr. Greenfield had mentored the Plaintiff for several years.

28. The retirement of Mr. Greenfield prompted Plaintiff to speak to Judy Dotzman (Executive Director) about his career goals.

29. Plaintiff's meeting with Ms. Dotzman occurred in early June 2021.

30. Plaintiff explained to Ms. Dotzman that although he was a supervisor, he had, in addition to doing his regular job, been filling in at the helpdesk for the employee who had left.

31. Plaintiff informed Ms. Dotzman that he was spending a great deal of time doing the helpdesk work, and since he was getting older and would soon turn 44, he was not as strong as he used to be.

32. He told Dotzman that his back sometimes hurt because he had been so involved in moving heavy boxes and equipment.

33. He said the lifting was starting to take its toll on his physical health.

34. Ms. Dotzman recommended Plaintiff raise this issue with his new supervisor, Pat McCormick.

35. Plaintiff met with Pat McCormick (hereinafter referred to as 'Mr. McCormick') on or about June 22, 2021.

36. Plaintiff informed Mr. McCormick about the heavy lifting.

37. Mr. McCormick told Plaintiff that he should start looking for another job.

38. Three days later, Plaintiff received a verbal warning from his direct supervisor Steve Hopkins. (Hereinafter referred to as 'Mr. Hopkins').

39. The verbal warning concerned Plaintiff's use of only two experienced staff members to pick up the remaining three computers from a location that they had mainly vacated earlier and that, Plaintiff had not supervised the event himself.

40. Very shortly thereafter, on July 13, 2021, Plaintiff was disciplined for events that allegedly occurred on June 28, 2021, and June 30, 2021.

41. On July 13, 2021, SPIN presented Plaintiff with a warning letter informing him that he was not meeting the expectations of his position.

42. Notably, a few days before, Plaintiff's supervisor had told him that he was "…doing really, really, well".

43. The warning letter specifically stated that, on June 28, 2021, Plaintiff had looked at other employees' electronic calendars in an attempt to schedule a meeting.

44. This was a common practice at SPIN for well over a decade.

45. In fact, SPIN had encouraged the practice because it simplified programming modifications and the setting up of meetings.

5

46. Before his written warning, Plaintiff had been instructed to view employees' electronic calendars for these purposes.

47. As such, Plaintiff was astonished to receive the written warning.

48. Plaintiff was now informed that he had been violating the privacy of my colleague and had acted without authority and abused the privileges of his position.

49. Plaintiff was accused of being dishonest despite his excellent performance record.

50. Plaintiff was further criticized for an event on June 30, 2021.

51. Plaintiff had checked the delivery of an email to an unresponsive, uncooperative employee to check whether the email Plaintiff had sent had been received by that employee, given the employee's refusal to comply with Defendant's downloading requirements for a company portal app.

52. SPIN had set an official deadline of June 30, 2021, and Plaintiff was told he was responsible for implementing the app and would be held accountable if it was not complete.

53. Plaintiff's checking of this employee's email receipt was directly related to that duty.

54. On Sunday, July 18, 2021, Plaintiff injured his right ankle playing basketball.

55. The ankle became extremely swollen and was impossible to walk on.

56. On the way home from the game, Plaintiff immediately called his immediate supervisor Stephen Hopkins and left a voicemail explaining that he was injured.

57. Additionally, Plaintiff sent a text message explaining he was hurt.

58. Plaintiff requested to be contacted as soon as possible.

59. I received no response from Mr. Hopkins.

60. On Monday morning, July 19, 2021, Plaintiff went to the hospital.

61. Plaintiff again called his immediate Mr. Hopkins, who this time answered the phone.

6

62. Plaintiff, explained his situation and then did the same for Pat McCormick, the CIO. The

63. Plaintiff was diagnosed with a severe sprain and texted Mr. Hopkins from the hospital bed.

64. Plaintiff told Mr. Hopkins that he would be in touch as he learned more.

65. The following day Plaintiff spoke to Mr. Hopkins again in explained that the doctor required him to work from home for the next week since he could not drive.

66. Mr. Hopkins permitted Plaintiff to work from home, and he did so for the week.

67. Twice during that week, with other employees present, Mr. McCormick requested to know when Plaintiff was returning to the office, to which Plaintiff always responded, "Monday, July 26, 2021."

68. On Monday, July 26, 2021, Plaintiff met with Mr. McCormick in his office.

69. Mr. McCormick sore Plaintiff, on crutches for the first time.

70. Despite Mr. McCormick's sarcasm about Plaintiff's injury, Plaintiff continued to work in the office almost every day that week, even though it was not required.

71. On Friday, July 30, 2021, Mr. McCormick requested that Plaintiff come into the office on Monday, August 2, 2021, to do some work that would not usually require him to be present.

72. Nonetheless, on August 2, 2021, Plaintiff went to work as directed.

73. Frank Dellisanti (hereinafter referred to as 'Mr. Dellisanti') told Plaintiff that SPIN had lost faith in him and had decided to do a separation after almost 17 years of service.

74. When Plaintiff asked why Mr. Dellisanti told him he was unprofessional.

4885-5127-7085, v. 5

75. Mr. Dellisanti indicated that Plaintiff could not elevate the volume on a video he was assisting with.

76. On August 2, 2021, Plaintiff received a letter ("Letter) from Defendant stating that he had failed to complete his job duties as reported by "SPIN management."

77. The Letter had no specifics.

78. The Letter never described what Plaintiff had allegedly done that was so unprofessional that it merited termination.

79. The issue of 'volume' on the video raised by Mr. Dellisanti is bogus.

80. On or around July 27, 2021, while Plaintiff was helping with a PowerPoint presentation, he was asked by Kathleen McHale, President, and CEO, to increase the volume of a video in a Zoom meeting.

81. Plaintiff informed her that the video was already at the highest volume and limited by its initial rendering.

82. The Defendant was fully aware of this because the same problem happened with the same video shown a few weeks earlier.

83. Defendant knew that Plaintiff had no control over the volume.

84. Then after the meeting, Mr. McHale complimented Plaintiff for how supportive and cooperative he had always been.

85. Mr. McKale had expressed no concerns regarding the volume or the video. And expressed no concerns whatsoever.

86. Notably, the position Plaintiff was filling in for (besides doing his regular job) was filled by a much younger person after Plaintiff was terminated.

8

87. Plaintiff was discriminated against on the basis of his disability and/or perceived disability by Defendant.

## COUNT I
### Americans with Disabilities Act

88. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

89. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because he has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activities, or because he had a record of such impairment.

90. Alternatively, as permitted by Fed.R.Civ.P. 8(d)(2), Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because he was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

91. Congress enacted the ADA Amendments Act of 2008 (ADAAA), Pub. L. No. 110-325, 122 Stat. 3553, which became effective January 1, 2009.

92. Congress intended the amendments to reinstate a broad scope of protection under the ADA.

93. The EEOC revised its regulations, construing the definition of disability broadly in favor of expansive coverage to the maximum extent permitted by the terms of the ADA. *See generally* 29 C.F.R. § 1630.2(j)(1)(i).

94. With regard to the "actual disability" prong, the test is whether, at the time of the adverse employment action, the limitation caused by the impairment was substantial.

4885-5127-7085, v. 5

95. Plaintiff suffered an "adverse employment action" insofar as he was terminated from his position with Defendant.

96. After the 2008 amendments to the ADA, a plaintiff is simply required to demonstrate that he or she was subjected to an adverse action as a result of an actual or perceived physical or mental impairment to be "regarded as" disabled. Gaus v. Norfolk S. Ry. Co., 2011 U.S. Dist. LEXIS 111089 at *55 (W.D. Pa. Sep. 28, 2011).

97. A physical impairment means "Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine" or "Any mental or psychological disorder, such as an intellectual disability (formerly termed "mental retardation"), organic brain syndrome, emotional or mental illness, and specific learning disabilities." 29 C.F.R. §1630.2(h)(1)-(2).

98. By way of example and without limitation, "chronic pain" coupled with prescription medication has been found to be a disability under the 2008 amendments referenced above. *See generally* Gaus v. Norfolk S. Ry. Co., 2011 U.S. Dist. LEXIS 111089 (W.D. Pa. Sep. 28, 2011).

99. Defendant retaliated against Plaintiff for seeking reasonable accommodations due to his disability.

100. The foregoing conduct by Defendant constitutes unlawful discrimination and retaliation against Plaintiff on the basis of his disability or perceived disability.

101. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT II
**Pennsylvania Human Relations Act**

102. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

103. The foregoing disability discrimination and retaliation by Defendant also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

104. As a result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be

accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

      d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to his by Defendant's actions as permitted by applicable law;

      e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

      f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate including but not limited to reinstatement;

      g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

      h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

      i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

      j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

4885-5127-7085, v. 5

k.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KOLMAN LAW, P.C.**

<u>       /s/ Timothy M Kolman</u>
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
Client_Care@KolmanLaw.com
TKolman@KolmanLaw.com

*Attorneys for Plaintiff*

Dated:  June 6, 2022

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JASON PROSKE
99 CENTENNIAL DR.
WARMINSTER, PA 18974

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy M. Kolman, Esquire
414 Hulmeville Ave, Penndel, PA 19047
(215) 750-3134

## DEFENDANTS
SPIN, INC.
10501 DRUMMOND RD.
PHILADELPHIA, PA 19154

County of Residence of First Listed Defendant: PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1331 and 1343(a)(4)
Brief description of cause:
Violations of Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 06/06/2022
SIGNATURE OF ATTORNEY OF RECORD
Timothy M. Kolman, Esquire

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __99 Centennial Dr., Warminster, PA 18974__

Address of Defendant: __10501 Drummond Rd., Philadelphia, PA 19154__

Place of Accident, Incident or Transaction: __10501 Drummond Rd., Philadelphia, PA 19154__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/06/2022__   _[signature]_   __51982__
        Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* __American Disabilities Act__

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
       Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*